JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, TRUSTEES OF THE OPERATING ENGINEERS LOCAL 12 DEFINED CONTRIBUTION TRUST, ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, and SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND,

Plaintiffs,

v.

JK MENDRIN BACKHOE SERVICES, INC., a California corporation,

Defendant.

Case No.: 2:25-cv-11060-CAS-AJRx

ASSIGNED TO THE HONORABLE CHRISTINA A. SNYDER

**JUDGMENT**

The motion by Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, Trustees of the Operating Engineers Training Trust, Trustees of the Operating Engineers Local 12 Defined

Contribution Trust, Engineers Contract Compliance Committee Fund, and Southern California Partnership for Jobs Fund, for entry of default judgment came before this Court by regularly-noticed motion. Upon full consideration of the pleadings and papers on file, the evidence on record, and the argument of counsel, and GOOD CAUSE APPEARING THEREFORE:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

Plaintiffs shall recover from Defendant, JK Mendrin Backhoe Services, Inc., a California corporation ("Defendant"), the principal amount of $119,825.95, plus attorneys' fees of $15,950.50, and costs of $518.85, plus post-judgment interest as provided by law from the date of entry of judgment until paid in full. Defendant is also ordered to produce documents for an audit, without prejudice or res judicata effect, in the event that the audit reveals additional contributions due.

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The *Eitel* factors weigh in favor of entering default judgment against Defendant and in favor of Plaintiffs. As to Factor 1 – The Possibility of Prejudice to Plaintiffs: The Trustees have a fiduciary obligation to collect unpaid contributions and related damages for the benefit of participants and beneficiaries. 29 U.S.C. § 1104(a)(1)(A). Plaintiffs expended many hours of time and effort, and incurred attorneys' fees and costs to pursue their claim. Defendant has ignored all efforts and failed to abide by Court rules. The Court concludes Plaintiffs will suffer prejudice if default judgment is not entered. Therefore, this factor weighs in favor of entering default judgment.

///

The Court also finds that Factors 2 (Merits of Plaintiffs' Substantive Claim), 3 (Sufficiency of the Complaint), and 4 (Sum of Money at Stake) support entry of default judgment. As to Factor 5 – the Possibility of a Dispute Regarding Material Facts: the Defendant's delinquencies are based on express terms of the applicable collective bargaining agreement to which Defendant is bound, and there is no basis for Defendant to dispute the validity of Plaintiffs' claims. As to Factor 6 – Whether the Default was Due to Excusable Neglect: Defendant had multiple opportunities to pay the delinquency and to submit documents for the audit, prior to and after filing of this lawsuit, but Defendant failed to do so. Defendant also had many opportunities to appear and defend itself in this action, and has not done so. The Court finds that these factors weigh in favor of entering default judgment.

As to Factor 7 – The Strong Public Policy Favoring Decision on the Merits: Defendant's continued refusal to participate in these proceedings and to abide by the rules governing the judicial process has made obtaining a decision based solely on the merits impossible. This factor weighs in favor of entering default judgment.

**BASED UPON THESE FINDINGS, THE COURT GRANTS THE MOTION AND ENTERS DEFAULT JUDGMENT AS FOLLOWS:**

A. Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, Trustees of the Operating Engineers Training Trust, Trustees of the Operating Engineers Local 12 Defined Contribution Trust, Engineers Contract Compliance Committee Fund, and Southern California Partnership for Jobs Fund shall recover from Defendant, JK Mendrin Backhoe Services, Inc., a California corporation, the principal amount of $119,825.95, plus attorneys' fees of $15,950.50 and costs of $518.85, plus post-judgment interest as provided by law from the date of entry of judgment until paid in full.

B. Defendant breached the Master Agreement, Trust Agreements, and ERISA by failing to produce records for an audit. In order to allow Plaintiffs to

complete an audit, Defendant is ordered to produce to Plaintiffs within 30 days from the date of service of this judgment on Defendant by U.S. Mail, the following documents:

1. All payroll journals maintained in the course of business of Defendant for the time period of January 1, 2020, through the date of production.

2. All individual earnings records maintained in the course of business of Defendant for the time period of January 1, 2020, through the date of production.

3. A list of all employees, both union and non-union, maintained in the course of business of Defendant for the period of January 1, 2020, through the date of production.

4. All timecards maintained in the course of business of Defendant for the period of January 1, 2020, through the date of production.

5. A list of all projects, with project codes, maintained in the course of business of Defendant for the period of January 1, 2020, through the date of production.

6. All cash disbursement journals maintained in the course of business of Defendant for the period of January 1, 2020, through the date of production.

7. All check registers maintained in the course of business of Defendant for the period of January 1, 2020, through the date of production.

8. All equipment rental invoices maintained in the course of business of Defendant for the period of January 1, 2020, through the date of production.

9. A list of all sub-contractors utilized in the course of business of Defendant for the period of January 1, 2020, through the date of production.

10. All copies of Employer's Quarterly Federal Tax Returns (Form 941) maintained in the course of business of Defendant, for the time period from January 1, 2020, through the date of production.

11. All copies of all Federal Form W-2 Statements to Employees maintained in the course of business of Defendant for the time period of January 1, 2020, through the date of production.

12. All copies of all Federal Form W-3 Reconciliation of Income Tax Withheld and Transmittal of W-2 Forms maintained in the course of business of Defendant, for the time period of January 1, 2020, through the date of production.

13. All copies of all Federal Form 1099 Miscellaneous Income Statements and Federal Form 1096 Reconciliation and Transmittal of 1099 Forms maintained in the course of business of Defendant, for the time period of January 1, 2020, through the date of production.

14. All copies of all Employer's Quarterly State of California Tax Returns (DE-3) maintained in the course of business of Defendant, for the time period from January 1, 2020, through the date of production.

15. All invoices for materials, labor or services provided to Defendant, relating to the time period of January 1, 2020, through the date of production.

16. All documents submitted by Defendant, to any general contractor or public contracting agency, including but not limited to all certified payrolls for public projects, which documents show the name, type of work, number of hours of work and specific jobsite location with regard to each employee of Defendant, who performed work during the time period of January 1, 2020, through the date of production.

Dated: August 5, 2026

Christina A. Snyder

HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE